IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Heather Tait, | ) |
|     Plaintiff, | ) |
| v. | ) No.  1:19-cv-1170 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) |
|     Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Heather Tait, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Heather Tait ("Tait"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Synchrony Bank credit card.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, directly or indirectly, defaulted consumer debts that it did not originate. PRA operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.  Defendant PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, phone calls, credit reporting and lawsuits. Defendant PRA's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6.  Defendant PRA is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant PRA conducts extensive business in Indiana.

7.  Defendant PRA is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant PRA acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

8.  Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for a Synchrony Bank credit card, that had been purchased by Defendant PRA after that debt went into default. Defendant PRA attempted to collect this debt from her via a negative credit report. Not knowing who Defendant PRA was, and unsure of the amount of the debt, Ms. Tait consulted with counsel about her debt issues and the debt that PRA was trying to collect.

9. Accordingly, Ms. Tait's attorney wrote to Defendant PRA, via a letter dated February 6, 2019, to dispute the debt PRA was attempting to collect. A copy of this letter is attached as Exhibit C.

10. Undeterred, Defendant PRA sent a collection letter, dated February 22, 2019, directly to Ms. Tait, demanding payment of the Synchrony debt. A copy of this letter is attached as Exhibit D.

11. Moreover, on March 8, 2019, Ms. Tait obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant PRA had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of the TransUnion credit report is attached as Exhibit E.

12. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to be represented by counsel as to this debt, Defendant's collection communications made Plaintiff believe she did not have the rights Congress had granted her under the FDCPA to be represented by an attorney and have direct communication with her cease and occur only through her attorney.

13. Defendant's violations of the FDCPA were also material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit, and makes it appear as if Plaintiff does not actually have the right to dispute the debt.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False or Misleading Representations

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see, 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18. Defendant, by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer and failing to report that the debt was disputed, used false, deceptive or misleading statements, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff and failing to report that the debt was disputed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(c) Of The FDCPA --
## Communications With Consumer Represented By Attorney

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

26. Defendant PRA knew that Ms. Tait was represented by counsel in connection with the debt at issue because her attorney had informed Defendant, in writing (Exhibit C), that Ms. Tait was represented by counsel, and disputed the debt.  By

5

directly sending Ms. Tait a collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

27. Defendant PRA's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Heather Tait, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Tait, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Heather Tait, demands trial by jury.

                        Heather Tait,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

Dated: March 22, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

6

Steven J. Halbert    (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com